NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

August 29, 2012

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*[*]

No. 11-1684

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court |
| *Plaintiff-Appellant,* | for the Central District of Illinois |
| *v.* | No. 09 CR 20016 |
| CLAXTON H. WRIGHT, | Michael P. McCuskey |
| *Defendant-Appellee.* | *Judge.* |

### O R D E R

Appellant Claxton H. Wright pleaded guilty to conspiring to distribute and to possess with the intent to distribute 50 or more grams of crack cocaine. *See* 21 U.S.C. § 841(a)(1). At the time of the offense, that quantity of crack cocaine, coupled with Wright's two prior felony narcotics convictions, mandated a minimum sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A) (2009). However, after Wright pleaded guilty but before he was sentenced, Congress enacted the Fair Sentencing Act of 2010, 124 Stat. 2372 ("FSA"), which increased the threshold amount of crack cocaine for a mandatory term of life imprisonment

---

[*] Circuit Judge Evans died on August 10, 2011, and did not participate in the decision of this case on remand from the Supreme Court. The case is now being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

from 50 to 280 grams, and lowered the mandatory minimum prison term applicable to someone in Wright's position to 120 months. The district court rejected Wright's contention that his sentence should be calculated pursuant to the FSA. It did, however, grant the government's motion for a reduction in sentence pursuant to 18 U.S.C. § 3553(e) based on Wright's substantial assistance to the government. The court ultimately imposed a sentence of 262 months' imprisonment, to be followed by the requisite ten-year period of supervised release.

Wright appealed, but in our order of July 11, 2011, we summarily affirmed his sentence in light of our decision in *United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011), which held that the FSA applies only prospectively to conduct occurring after its enactment.

In *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012), the Supreme Court disagreed with our holding in *Fisher* and "conclude[d] that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Subsequently, the Supreme Court granted Wright's petition for a writ of certiorari, vacated the judgment, and remanded the case to this court for reconsideration in light of its decision in *Dorsey*. *See Merriman & Wright v. United States*, 2012 WL 2470070 (U.S. June 29, 2012).

The parties have filed a joint Circuit Rule 54 statement reflecting their agreement that, in view of *Dorsey*, the district court committed procedural error at Wright's sentencing and that the error was not harmless. They propose that we remand the case to the district court for resentencing.

We agree that this is the correct course of action in light of *Dorsey*. We therefore **VACATE** Wright's sentence and **REMAND** for resentencing.